# EXHIBIT C-1

Electronically Filed
1/16/2020 4:31 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

CAUSE NO. **C-0188-20-I**

| | | |
|---|---|---|
| **J&M VALLEY INVESTMENTS, LLC** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | |
| | § | **HIDALGO COUNTY, TEXAS** |
| **ALLIANZ GLOBAL RISKS US** | § | |
| **INSURANCE COMPANY D/B/A** | § | |
| **ALLIANZ INSURANCE COMPANY** | § | **398TH JUDICIAL DISTRICT** |
| **Defendant** | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW, **J&M VALLEY INVESTMENTS, LLC** (herein "Plaintiff"), and files this Original Petition complaining of Defendant, **ALLIANZ GLOBAL RISKS US INSURANCE COMPANY d/b/a ALLIANZ INSURANCE COMPANY** "Insurer," and for cause of action shows the Court the following:

## I.  DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct Level 3 discovery under Texas Rules of Civil Procedure 190.4.

## II.  PARTIES

2.      **Plaintiff, J&M Valley Investments, LLC** is a Texas limited liability company, organized to do business in Texas.

3.      **Defendant, Allianz Global Risks US Insurance Company d/b/a Allianz Insurance Company** is an insurance company registered to do business in the state of Texas and can be served with process by certified mail return receipt requested through its registered agent CT Corporations System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## III.  VENUE AND JURISDICTION

Electronically Filed
2/16/2020 4:31 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0188-20-I**

4.    Suit is proper in Hidalgo County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the real property at issue is located in Hidalgo County, Texas. TEX.CIV.P.REM. CODE §15.002 (a)(1).  Further, the contract upon which this suit is based was executed in Hidalgo County, Texas.  TEX.CIV.P.REM. CODE §15.035(b).

## IV.  FACTUAL BACKGROUND

5.    Insurer issued an insurance policy naming Plaintiff as the insured and providing coverage for direct physical loss caused by windstorm or hail to his property located at 710 North Shary Road, Mission, Hidalgo County, Texas. Pursuant to the terms of the policy, numbered GPS01001499, Plaintiff had insurance protection on the dwelling and on any personal property for any and each such loss resulting from windstorm and hail damage. The building insured by Allianz Insurance Company pursuant to the insurance contract sustained damage as the result of a storm which struck the Mission area in June 21, 2018, during the policy period.  The wind and hail storm created openings in the roof and building envelope, through which rain entered and caused extensive damage. Further, the storm caused damage to the Plaintiff's roof, the exterior, the interior, among other building elements, all of which were covered damage under the policy of insurance.  Thereafter, the insurer conducted a pretextual and faulty investigation. Allianz Insurance Company underpaid Plaintiff's property damage claim even though liability for such damages was reasonably clear.

6.    Insured wrongfully denied and/or underpaid Plaintiff's claim under the policy. Plaintiff seeks a declaration that their claimed losses are covered occurrences under the Policy and seek damages for its insurer's wrongful denial.

7.    Plaintiff hired the undersigned attorneys to pursue the matter following their insurer's mishandling of the claim.  After an investigation was completed on behalf of Plaintiff, a written

Electronically Filed
1/16/2020 4:31 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0188-20-I**

demand for payment was made. To date, Insurer has failed and refused to pay Plaintiff for its attorney's fees, expenses and mental anguish in having to pursue that which he is entitled under the policy of insurance.

## V.  CAUSES OF ACTION

### A.  BREACH OF CONTRACT

8.      Plaintiff incorporates each of the previous allegations set forth herein.

9.      Plaintiff paid the premiums under the Policy and met the conditions precedent to the insurer's obligation to pay the Plaintiff's losses under the Policy.

10.     Insurer failed and refused to pay the value of the Plaintiff's claims, thereby materially breaching the Policy and causing Plaintiff to suffer those losses together with other harm as described further in this petition.

### B.  TEXAS INSURANCE CODE VIOLATIONS

11.     Plaintiff incorporates each of the previous allegations set forth herein.

12.     More than thirty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to the Texas Insurance Code, Section 541 and 542, et seq. was sent to Defendant insurer. All notices and proofs of loss were timely given in such manner as to fully comply with the terms and conditions of the Policy and applicable law. In the alternative, Plaintiff alleges that as to any such terms, conditions, notices, or requirements, its insurer has waived them, and is estopped from asserting them, and/or Plaintiff substantially complied with them. Plaintiff makes the same allegations of waiver or estoppel as to every defense or exclusion pleaded by its insurer in this action, and as to each claim for breach of contract or statutory violation as to Defendant.

13.     In mishandling these claims and failing to provide significant evidence to support

Electronically Filed
2/16/2020 4:31 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0188-20-I**

their position, Insurer has violated the following sections of the Texas Insurance Code:

541.060(a)(2)(A), by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which this insurer's liability has become reasonably clear;

541.060(a)(4)(A), by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder;

541.060(a)(7), by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

542.003(a), by engaging in unfair claims settlement practices, as described in 542.003(b), to wit:

(1) knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

(2) failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;

(3) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

(4) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and

(5) compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

542.057(a), by failing to pay the full amount of the insured's claim no later than the fifth business day after the insurer gave notice it would pay the claim.

Defendant's violations of the Texas Insurance Code have proximately caused Plaintiff damages.

Plaintiff further seeks interest and attorney's fees under Section 542.060 of the Texas Insurance Code for Defendant insurer's violations.

**C.   BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING AND FIDUCIARY DUTIES**

14.   Plaintiff incorporates each of the previous allegations set forth herein.

4

Electronically Filed
2/16/2020 4:31 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0188-20-I**

15.     From and after the time Plaintiff's claim was presented to their insurer, liability to pay the claim in accordance with the terms of the Policy was reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance or risk management company would have relied to adjust Plaintiff's claim, Insurer refused to accept the claim payable to Plaintiff as the Policy required. Despite losses clearly identified by Plaintiff, insurer underpaid each and every part of Plaintiff's claim.

16.     At that time, Defendant insurer knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear.  In this regard, Defendant insurer failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying a valid claim.

17.     Consequently, Insurer breached its duty to deal fairly and in good faith with the Plaintiff. The breach was a proximate cause of the losses, expenses, and damages suffered by the Plaintiff. Insurer also breached their fiduciary duties to Plaintiff that arose out of the special relationship that existed between the parties causing damages to the Plaintiff.

## VI.  ACTUAL DAMAGES AND TREBLING OF DAMAGES

18.      Plaintiff incorporates each of the previous allegations set forth herein

19.     Insurer's conduct as described above was a producing cause of Plaintiff's economic damages. As a result, Plaintiff sustained damages in an amount in excess of the minimum jurisdiction.

20.     These acts and omissions on Defendant insurer's part were done knowingly, that is, with an actual awareness of the falsity, unfairness, or deception of the conduct described.

21.     Consequently, Plaintiff requests that the trier of fact award to it additional damages

5

Electronically Filed
2/16/2020 4:31 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0188-20-I**

of up to three (3) times the sum of actual damages suffered.

## VII.  RULE 47(c) STATEMENT

22.     In accordance with Texas Rule of Civil Procedure 47(c), Plaintiff pleads that the relief it seeks is monetary in nature, over $200,000.00 but not more than $1,000,000.00.

## VIII.  ATTORNEY'S FEES

23.     Plaintiff incorporates each of the previous allegations set forth herein.

24.     Insurer's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retention of the attorneys whose names are subscribed to this petition. Plaintiff is, therefore, entitled to recover from Defendant an additional sum to compensate Plaintiff for a reasonable fee for such attorney's necessary services in the preparation and prosecution of this action, as well as a reasonable fee for any and all necessary appeals to other courts.  Plaintiff has presented their claim for attorney's fees, but insurer chose to ignore it.  Thus, Plaintiff requests attorney's fees under Texas Civil Practice and Remedies Code §38.001, et seq. and the Texas Insurance Code.

## IX. CONDITIONS PRECEDENT

25.     All of the conditions precedent to bringing this suit and to Insurer's liability under the Policy for the claims alleged have been performed or have occurred.  Plaintiff provided notice of its claim, as required by Texas Insurance Code §542A.003.

## X.  JURY DEMAND

26.     Plaintiff respectfully requests trial of this cause before a Hidalgo County jury.

## XI.  INITIAL DISCLOSURES

27.     Plaintiff requests that Defendant disclose the information listed in Texas Rule of Civil Procedure 194.2 within 50 days of being served with this Petition.

Electronically Filed
2/16/2020 4:31 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0188-20-I**

## XII.  PRAYER

**WHEREFORE**, Plaintiff requests that Allianz Insurance Company be cited to appear and answer, and that on final trial, Plaintiff have the following:

a.      Judgment against the Insurer for actual damages and exemplary damages in excess of the minimum jurisdictional limits of this Court;

b.      By reason of Insurer's knowing and intentional conduct, treble damages as allowed by the Texas Insurance Code;

c.      18% interest, as allowed by the Texas Insurance Code for violation of the Prompt Payment of Claims statute;

d.      Prejudgment interest as provided by law;

e.      Postjudgment interest as provided by law;

f.      Attorney's fees;

g.      Costs of suit; and

h.      All other relief to which Plaintiff may show herself entitled, either at law or in equity, either general or special, under the facts set forth in their claims.


Respectfully submitted,


**MILLIN & MILLIN, PLLC**
4107 North 22nd Street
McAllen, Texas 78504
Tel: (956) 631-5600
Fax: (956) 631-5605


/s/ JOHN A. MILLIN IV
JOHN A. MILLIN IV

Electronically Filed
1/16/2020 4:31 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0188-20-I**

State Bar No24005166
john@millinmillin.com
*Attorney for Plaintiff*

**C-0188-20-I**

# EXHIBIT C-2

Electronically Filed
2/7/2020 11:10 AM
Hidalgo County District Clerks
Reviewed By: Raul Hernandez

**NOTICE: Pursuant to TRCP 126:  Statement of Inability to Afford Payment of Court Costs or an Appeal Bond filed =  NO**

## C-0188-20-I
## 398TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION
### THE STATE OF TEXAS

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**Allianz Global Risks US Insurance Company**
**1999 Bryant St Suite 900**
**Dallas TX  75201-3136**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable L. "Keno" Vasquez, 398th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 16th day of January, 2020 and a copy of same accompanies this citation.   The file number and style of said suit being C-0188-20-I, **J&M VALLEY INVESTMENTS, LLC VS. ALLIANZ GLOBAL RISKS US INSURANCE COMPANY**

Said Petition was filed in said court by Attorney JOHN A. MILLIN, IV, 4107 N 22ND ST MCALLEN TX  78504.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 24th day of January, 2020.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**PRISCILLA RIVAS, DEPUTY CLERK**

Electronically Filed
2/7/2020 11:10 AM
Hidalgo County District Clerks
Reviewed By: Raul Hernandez

## C-0188-20-I
## OFFICER'S RETURN

Came to hand on _24th_ of _January_, 202_0_ at _10:30_ o'clock _A_.m. and executed in _Dallas_ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _Plaintiffs Original Petition_ (petition) at the following times and places, to-wit:

_By Certified Mail - Return Receipt # 7019 1640 0002 1152 6876 (Green Card Attached)_

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| Allianz Global Risk US Insurance thru C T Corp. | 01/28/20 | 12:19 pm | 1999 Bryan St, Suite 900, Dallas, Texas. |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ...................$_____

_____

**DEPUTY**

## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _Luis A. Saenz_, my date of birth is _05/19/1957_ and the address is _5820 N. 29th Lane, McAllen, TX_ and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _Hidalgo_ County, State of Texas, on the _6th_ day of _February_, 202_0_.

_____
**Declarant"**    Luis A. Saenz
              Certified Process Server
              SCH: 1083 Exp: 08/31/20

_____

**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

# EXHIBIT C-3

Electronically Filed
2/18/2020 12:00 AM
Hidalgo County District Clerks
Reviewed By: Raul Hernandez

## CAUSE NO. C-0188-20-I

| | | |
|---|---|---|
| **J&M VALLEY INVESTMENTS, LLC,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **ALLIANZ GLOBAL RISKS US** | § | |
| **INSURANCE D/B/A ALLIANZ** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | **398ᵀᴴ JUDICIAL DISTRICT** |

### INTERSTATE FIRE & CASUALTY COMPANY'S
### ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO
### PLAINTIFF'S ORIGINAL PETITION

Defendant Interstate Fire & Casualty Company incorrectly named as "Allianz Global Risks US Insurance d/b/a Allianz Insurance Company" ("Interstate") respectfully files this Original Answer and Affirmative Defenses to Plaintiff's Original Petition and shows the Court as follows:

### I.    GENERAL DENIAL

1.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Interstate generally denies all claims, causes of action, allegations, and demands for any form of relief asserted by Plaintiff in the Original Petition and demands strict proof of the same by a preponderance of the evidence.

### II.    REQUEST FOR DISCLOSURES

2.    Pursuant to Rule 194, Plaintiff is requested to disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

MH943610

Electronically Filed
2/18/2020 12:00 AM
Hidalgo County District Clerks
Reviewed By: Raul Hernandez

## III.    AFFIRMATIVE DEFENSES

3.    Plaintiff's claims are barred, in whole or in part, because it has failed to state a claim upon which relief can be granted.

4.    Plaintiff's claims are barred, in whole or in part, by the defense of accord and satisfaction.

5.    Plaintiff's claims are barred, in whole or in part, by the specific terms of the policy contract at issue.

6.    Plaintiff's claims are barred, in whole or in part, by the defense of payment.

7.    Plaintiff's claims are barred, in whole or in part, because Interstate complied at all times with the Texas Insurance Code.

8.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages, if any.

9.    Plaintiff's claims are barred, in whole or in part, because Interstate had a reasonable basis on which to deny or dispute Plaintiff's claim.

10.    Plaintiff's claims are barred, in whole or in part, by the Policy's exclusions.

11.    Plaintiff's claims are barred, in whole or in part, because Interstate's conduct has, at all relevant times, been in good faith.

12.    Plaintiff's claims are barred, in whole or in part, because Plaintiff's own acts or omissions caused or contributed to its alleged damages, if any.

13.    Interstate reserves the right to amend its Answer, including its affirmative defenses, as may be applicable during the course of this litigation.

2

MH943610

Electronically Filed
2/18/2020 12:00 AM
Hidalgo County District Clerks
Reviewed By: Raul Hernandez

## IV.   PRAYER

Defendant Interstate Fire & Casualty Company incorrectly named as "Allianz Global Risks US Insurance d/b/a Allianz Insurance Company" respectfully requests that this Court order that Plaintiff take nothing, that judgment be entered against Plaintiff with prejudice, and that the Court grant Interstate such other and further relief to which Interstate may be justly entitled.

Dated: February 17, 2020

<div style="margin-left:50%">

Respectfully submitted,

McDOWELL HETHERINGTON LLP


By:/s/ David T. McDowell
David T. McDowell
State Bar No. 00791222
Sean A. Santarelli
State Bar No. 24097264
1001 Fannin, Suite 2700
Houston, Texas 77002
Telephone:  713-337-5582
Facsimile:   713-337-8842
david.mcdowell@mhllp.com
sean.santarelli@mhllp.com

**ATTORNEYS FOR INTERSTATE FIRE &
CASUALTY COMPANY**

</div>

MH943610

Electronically Filed
2/18/2020 12:00 AM
Hidalgo County District Clerks
Reviewed By: Raul Hernandez

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of February, 2020, a true and correct copy of the foregoing was served via the EFile Texas System and email to all counsel of record.


*/s/ David T. McDowell*
David T. McDowell

MH943610